**Dated: June 17, 2019**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 18-12412-JDL |
| April Lin Davis, | ) | Ch. 7 |
| | ) | |
| Debtor. | ) | |

**ORDER DENYING MOTION TO REOPEN CASE**

Before the Court for consideration is the pro se Debtor's *Motion to Reopen Closed Case* filed on May 7, 2019 (the "Motion") [Doc. 16].  Debtor's Motion states that the purpose of reopening her case is to "add more debts which existed at the time of the bankruptcy case but which were not listed in her schedules as she was not aware of them." No objections to the Motion were filed within the 14 days permitted by the Local Rules.  This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and (b)(2)(I).

The Court finds the following from the record in this case: the Debtor filed a voluntary petition for Chapter 7 relief on June 7, 2018; the Debtor's schedules and

statement of financial affairs were filed on the same date. On July 17, 2018, the Trustee conducted the meeting of creditors pursuant to 11 U.S.C. § 341.[1]  The Trustee adopted the Debtor's schedules as the inventory of the estate. There were no non-exempt assets that the Trustee deemed appropriate to liquidate, and on July 17, 2018, the Trustee filed a Report of No Distribution. The Debtor received a discharge of her debts on September 18, 2018 [Doc. 10]. The case was closed on October 29, 2018.

The decision to reopen a case is discretionary with the bankruptcy court. *Woods v. Kenan*, 173 F.3d 770, 778 (10th Cir. 1999); *Nintendo Co., Ltd. v. Patten*, 71 F.3d 353, 356 (10th Cir. 1995); *Kozman v. Herzig,* 96 B.R. 264, 266 (9th Cir. BAP 1989). Section 350(b) of the Bankruptcy Code governs the circumstances under which a case may be reopened. Section 350(b) states:

> A case may be reopened in the court in which the case was closed to administer assets, *to accord relief to the debtor*, or for other cause.

(Emphasis added). The issue in this case is whether reopening the case to add an omitted creditor is necessary to accord relief to the Debtor. It is well established that the reopening of a "no-asset" chapter 7 case to add an omitted creditor has no effect on the dischargeability of such debt, and therefore reopening the case and permitting the Debtor to amend the schedules to add the omitted debt would not afford relief to this Debtor*. In re Cerrudo,* 214 B.R. 500, 501 (Bankr. N.D. Okla. 1997).

The Bankruptcy Code provides a mechanism that answers the question of what

---

[1] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.  All future references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

happens to debts that are not listed or scheduled by a debtor in his bankruptcy case. Section 727(b) provides that "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all* debts that arose before the date of the order for relief under this chapter." 11 U.S.C. § 727(b) (emphasis added.). Section 523 excepts from the § 727 discharge debts:

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request; ....

11 U.S.C. § 523(a)(3). Because of the language of sections 523 and 727, courts have held that a debt may be discharged in a no-asset chapter 7 case, even if it was not listed, if the debt is not within an exception found in section 523. See *Judd v. Wolfe*, 78 F.3d 110, 111, 114-15 (3d Cir. 1996); *In re Humar*, 163 B.R. 296, 298-99 (Bankr. N.D. Ohio 1993); *In re Mohammed*, 536 B.R. 351 (Bankr. E.D. N.Y. 2015); *In re Williams*, 291 B.R. 445 (Bankr. E.D. Tenn. 2003).

In a chapter 7 case, if a trustee determines that no assets are available for distribution, no proof of claim deadline must be imposed. See Fed.R.Bankr.P. 2002(e). This means that in a no-asset chapter 7 case, a creditor would have no time limit to file a proof of claim because no time limit exists (that is, no deadline is imposed). In this way,

3

courts have concluded a debt which was not scheduled in a chapter 7 no-asset case is subject to the discharge order unless it is a debt of the kind specified in section 523(a)(2), (4), or (6). *See In re Rollison*, 579 B.R. 67, 72 (Bankr. W.D. Va. 2018) ("In a 'no asset' bankruptcy case in which there is never a deadline to file a proof of claim, the debtor's continuing liability to pay the obligation is not affected by whether or not the case is reopened to allow an omitted creditor to be added to the schedules."). Stated differently, in a no-asset chapter 7 case, unless ordered otherwise, all of a debtor's prepetition debts—both those scheduled and those not scheduled—are discharged upon entry of the discharge order, except for those debts which are of the kind specified in section 523(a)(2), (4), or (6). *Id.*

For these reasons, it is generally a useless exercise to reopen a case to schedule unscheduled debt, because reopening affords no more relief to the debtor than the debtor already has obtained by virtue of the discharge under § 727. In so finding, the Court notes that all debtors should make every effort to list all their creditors. "Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the bankruptcy system. Because the bankruptcy court, trustees, and creditors rely on the information disclosed by a debtor, the importance of full disclosure cannot be overemphasized". *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D. N.Y. 2008). The narrow issue here is whether this case should be reopened to allow Debtor to amend her schedules, and this Court has concluded it should not. Accordingly,

**IT IS ORDERED** that the Debtor's *Motion to Reopen Case* [Doc.16] is **Denied**.

# # #